```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TROY A. HUTTON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 15-8330 (JBS-AMD) |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | **OPINION** |

APPEARANCES:

Troy A. Hutton, Plaintiff Pro Se
#713305/500461B
Southern State Correctional Facility
4295 RT 47
Delmont, New Jersey 08314

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Before the Court is Plaintiff Troy A. Hutton's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. §§ 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915 to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed, but Plaintiff shall be granted leave to amend.

**II. BACKGROUND**

Plaintiff brings this civil rights action against the State of New Jersey, the New Jersey Department of Corrections ("NJDOC"), Officers John Does 1-3, and Rutgers University Correctional Health Care ("Rutgers UCHC"). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

On April 2, 2012, Plaintiff returned to South Woods State Prison ("SWSP") from a medical trip to discover that his personal property had been placed in to three large boxes. Complaint at 7. He was ordered to move the boxes from the storage room on the third floor of the prison and take them to his new housing unit. *Id.* As an inmate assigned to the Emergency Care Unit ("ECU"), Plaintiff was permitted to use the elevator instead of the stairs. *Id.* However, when he attempted to use the elevator, Officer Doe 1 prohibited Plaintiff from using the elevator in spite of the general practice. *Id.* at 8. Officer Doe 1 ordered Plaintiff, who suffers from obesity, diabetes, and leg issues, to use the stairs, commenting "the exercise will do you good." *Id.* Plaintiff attempted to carry one of his boxes up the stairs but ended up falling down eight steps. *Id.*

Plaintiff remained at the bottom of the steps for an indeterminate amount of time, "going in and out of consciousness

2

due to a concussion," until another prisoner happened by and alerted the staff. *Id.* An ambulance was called, and Plaintiff was transported to Inspira Hospital in Vineland for treatment accompanied by Officers John Doe 2-3. *Id.* Upon arrival at the hospital, the two officers "began a campaign of disrespect, derision, and intimidation of the Hospital Staff" in order to prevent dissuade the medical staff from providing medical care to Plaintiff that would require the officers to work overtime. *Id.* at 8-9. The officers told the hospital staff that Plaintiff was "a 'dangerous criminal'" and was "undeserving of quality care . . . ." *Id.* at 9. Although Plaintiff was diagnosed with a concussion, the hospital discharged him without giving him any pain medication. *Id.* Upon return to SWSP, Plaintiff did not receive sufficient aftercare, including "denial of pain medication, denial of therapy for injuries sustained, denial of proper diabetic footwear, denial of cane, crutches, or other ambulatory aides . . . ." *Id.*

Plaintiff asks this Court to grant relief in the form of compensatory damages, pain and suffering, and punitive damages in the amount of $500,000. *Id.* at 10. He also asks for an order requiring NJDOC to provide him with pain medication. Plaintiff also asks this Court to appoint pro bono counsel. Letter, Docket Entry 5.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915 and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* seeking relief from a governmental employee or entity.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

4

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

**A. Eleventh Amendment**

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. Const. amend. XI. Plaintiff seeks relief against the State of New Jersey and the NJDOC; however, he may not bring a suit against the State or its agencies in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State consents to being sued in federal court.[2] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Here, Congress did not expressly abrogate sovereign immunity when it passed § 1983, *see id.*, and there is no indication New Jersey has consented to Plaintiff's suit. Additionally, the NJDOC is not a "person" within the meaning of § 1983. *See Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (state department of corrections and state prison facilities are not "persons" under § 1983). As the State of New Jersey and the NJDOC may not be sued for monetary damages in federal court,[3] Plaintiff's claims against them are dismissed with prejudice.

---

[2] The Court presumes for purposes of this screening opinion only that Rutgers UCHC is not entitled to Eleventh Amendment immunity. *See Kovats v. Rutgers, State Univ.*, 822 F.2d 1303 (3d Cir. 1987).

[3] The Eleventh Amendment does not bar Plaintiff's request for injunctive relief in the form of an order requiring NJDOC to provide pain medication; however, Plaintiff's allegations are too vague to proceed at this time. In the event Plaintiff is able to allege facts that would warrant injunctive relief, he may include them in an amended complaint.

**B. Statute of Limitations**

Plaintiff alleges Officers John Does 1-3 and Rutgers UCHC violated his Eighth Amendment right to adequate medical care on April 2, 2012. However, the Court notes that these claims, as well as his related conspiracy claim against the officers, appear to be barred by the statute of limitations.[4] The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The date that a cause of action under § 1983 accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted).

Plaintiff alleges his fall and trip to the hospital occurred on April 2, 2012. Complaint at 7. Plaintiff knew or

---

[4] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

should have known that he had claims for conspiracy and denial of medical care against the officers and Rutgers UCHC at that time. Thus, the statute of limitations on those claims expired on April 2, 2014, over a year-and-a-half before Plaintiff submitted his complaint on November 15, 2015. These claims must be dismissed at this time. They shall be dismissed without prejudice, however, in order to give Plaintiff an opportunity to argue for the application of equitable tolling of the statute of limitations.

**B. Denial of Medical Care**

To the extent the complaint seeks to assert denial of adequate medical care claims against Rutgers UHUC for its actions after the 2012 hospital visit, the claim must be dismissed for failure to state a claim. In order for a government entity to be liable under § 1983 for the actions or inactions of its employees, a plaintiff must allege that a policy or custom of that entity caused the alleged constitutional violation. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Bd. Of Cnty. Comm'rs of Bryan Cnty. Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). Plaintiff does not allege the purportedly inadequate medical care he received was the result of a specific Rutgers' policy or custom; therefore, he has not sufficiently alleged an Eighth Amendment claim against Rutgers UCHC.

Furthermore, the claims concerning the "denial of pain medication, denial of therapy for injuries sustained, denial of proper diabetic footwear, denial of cane, crutches, or other ambulatory aides" are too vague for the Court to reasonably infer that Rutgers UCHC violated Plaintiff's constitutional rights. Plaintiff provides no facts regarding the medical necessity of these items, the denial of these items, how these defendants were personally involved in the denials, or how the denials were the result of a Rutgers UCHC's policy or custom. There also is not enough information for the Court to find the alleged withholding of medical care was done out of deliberate indifference, as is required for an Eighth Amendment claim. *See Natale*, 318 F.3d at 584 (noting violations may also be deemed to be result of policy or custom where "federal law is violated by an act of the policymaker itself" or "the policymaker has failed to act affirmatively at all, [though] the need to take some action" is obvious). The claims against Rutgers UCHC must be dismissed without prejudice. Plaintiff may move to amend his claim by addressing these deficiencies.

### C. Appointment of Counsel

By letter mailed January 29, 2016, Plaintiff asks this Court to appoint him pro bono counsel. As the complaint is being dismissed at this time, the motion is dismissed as moot.

Plaintiff may reapply for counsel in the event he files an amended complaint.

**D. Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). As it is not clear that amending the complaint would be futile, Plaintiff may move for leave to file an amended complaint. Any motion to amend must be accompanied by a proposed amended complaint, which shall be subject to screening by this Court.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

11

**V.   CONCLUSION**

For the reasons stated above, Plaintiff's claims for monetary damages from the State of New Jersey and the New Jersey Department of Corrections are dismissed with prejudice as they are immune from suit. Plaintiff's claims against Officers John Does 1-3 are dismissed without prejudice to Plaintiff's right to submit a statement within 30 days as to why he should be granted equitable tolling of the statute of limitations. His claims against Rutgers UCHC are dismissed without prejudice. Plaintiff may move for leave to file an amended complaint within 30 days.

An appropriate order follows.


 **June 9, 2016**                                  **s/ Jerome B. Simandle**
Date                                               JEROME B. SIMANDLE
                                                   Chief U.S. District Judge